**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

                                            **CIVIL ACTION
NO.**

**NAMOH, LTD.**
      **Plaintiff,**

**VS.**

**BOSTON WATERBOAT MARINA, INC.**
      **Defendant.**

**COMPLAINT**

Now comes the Plaintiff, NAMOH, LTD., in the above captioned matter, by and through its undersigned counsel, Clinton & Muzyka, P.C., and files its Complaint against Defendant, BOSTON WATERBOAT MARINA, INC. as follows:

**PARTIES**

1. Plaintiff, NAMOH, LTD. was and now is a corporation duly organized and existing by virtue of the laws of The Republic of the Marshall Islands and with a registered place of business at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960. At all relevant times herein, NAMOH, LTD. was the sole owner of the M/Y NAMOH.

2. The M/Y NAMOH (MMSI: 538070265) is a one hundred twenty five foot [125'] GRP hull motor yacht, with

2

twin 2250 HP diesel engines, and constructed in 2003 by Cheoy Lee Shipyards.

3. Defendant, BOSTON WATERBOAT MARINA, INC. is a corporation duly organized and existing by virtue of the laws of the Commonwealth of Massachusetts with a principal place of business at 66 Long Wharf, Boston, MA 02110.  At all relevant times herein, the Defendant operated a marina located at Long Wharf in Boston Harbor.

## JURISDICTION

4. This is a claim within the Admiralty and Maritime Jurisdiction of this Honorable Court, as hereinafter more fully appears, and is of an admiralty and maritime nature within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

5. The jurisdiction of this Court is predicated upon and within the Admiralty and Maritime Jurisdiction of the United States District Court pursuant to 28 U.S.C. 1333 and process under the Rules of Civil Procedure for the United States District Courts.

6. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. 1391 and because the vessel and the

transactions and grounding constituting the civil action arose within this Judicial District.

**FACTS**

7. On or about August 30, 2011, the M/V NAMOH arrived in the Port of Boston and its Master contacted the Defendant seeking mooring for the vessel at its marina.

8. The Defendant's staff instructed the M/V NAMOH's Master to berth the vessel starboard side to a pier in a specific slip located at the marina.

9. Upon receiving these instructions, the M/V NAMOH's Master maneuvered the vessel and commenced backing into the designated slip.

10. After the M/V NAMOH backed approximately eighty [80] feet into the slip, its hull and propellers struck a submerged object within the slip's berth and its starboard engine immediately shutdown.

11. After striking the submerged object, the M/V NAMOH's Master and crew safely maneuvered the vessel to the pier utilizing its port engine and bow thruster and completed berthing the vessel by securing its lines to the pier.

12. On the morning of August 31, 2011, the Plaintiff hired a local diver to inspect the vessel's underwater hull and running gear. The diver subsequently dove beneath the M/V NAMOH as it was secured to the Defendant's pier.

13. The diver discovered a submerged wooden piling of approximately ten [10] feet in length that was protruding from the berth's seabed floor beneath the M/V NAMOH. The diver subsequently cut the submerged piling and removed it from the berth.

14. This information was reported to the M/V NAMOH's Master who in turn advised the Plaintiff and its underwriter of this condition and incident.

15. Immediately following the diver's report concerning his discovery and his removal of the submerged piling, the M/V NAMOH's Master conducted a sea trial of the vessel and discovered heavy vibrations resulting after engaging the vessel's engines. Further investigation of the vessel's condition revealed damage to both its hull and propulsion machinery.

16. As a result of the Defendant's failure to provide the M/V NAMOH with a safe berth free from underwater

obstructions, the Plaintiff was caused to suffer damages in excess of $250,000.00 as best can be now estimated, including but not limited to, the damage to the M/V NAMOH's hull and machinery, its cost of repairs, the loss of use of its vessel, and related consequential damages and expenses.

**COUNT I**
**NEGLIGENCE**

17. The Plaintiff repeats and realleges paragraphs 1 through 16 inclusive, as though fully set forth herein.

18. At all times relevant herein, the Defendant, its agents, representatives, and employees had a duty to exercise due care and caution in providing berth slips for hire and the berthing of its customers' vessels at its marina.

19. Notwithstanding the aforesaid duty as set forth in Paragraph 18 herein, the Defendant breached its duty in one or more of the following respects:

    i. Negligently, carelessly and improperly maintained its marina slip berths and failed to remove obstructions in a manner that protected the M/V NAMOH from damage on August 30, 2011;

    ii. Negligently, carelessly and improperly instructed the berthing of the M/V NAMOH;

    iii. Negligently directed the vessel's Master to berth the M/V NAMOH; failed to adequately warn the vessel's Master of the submerged objects within the slip; failed to inspect said slip before berthing of the M/V NAMOH and failed to properly mark any submerged objects within the slip; and

    iv. Was otherwise careless and negligent in respects which will be shown at trial.

20. As a result of one or more of the aforesaid acts and/or omissions on August 30, 2011 by the Defendant as set forth in Paragraph 19 herein, the M/V NAMOH was caused to suffered considerable physical damage, resulting in pecuniary loss and damages to the Plaintiff.

21. The negligent or otherwise culpable conduct of the Defendant, its agents, servants, or employees, was the direct and proximate cause of the damages sustained by the Plaintiff.

22. By reason of these premises, Plaintiff has sustained damages, no part of which has been paid, although duly demanded.

**WHEREFORE**, the Plaintiff prays that this Honorable Court enters Judgment in its favor for the amount of its damages,

together with pre and post Judgment interest, attorney's fees, costs, and any further relief as this Court may deem just and proper.

**COUNT II**
**BREACH OF CONTRACT**

23. Plaintiff repeats and realleges paragraphs 1 through 23 inclusive, as though fully set forth herein.

24. The vessel's Master entered into an oral contract with the Defendant to provide a safe berth for the mooring of the M/V NAMOH.

25. The vessel's Master maneuvered the M/V NAMOH into a slip designated by the Defendant and in reliance upon the Defendant's express and/or implied promise that the Defendant's berth was safe and free of any obstructions that would damage the M/V NAMOH's hull and machinery.

26. The Defendant breached its contract with the Plaintiff by failing to provide a safe berth and causing physical damage/injury to the M/V NAMOH.

27. The Plaintiff has performed all relevant covenants and conditions under said contract.

28. The vessel's Master relied on the representations made by the Defendant and sustained physical damage

      as a direct and proximate result of the breach of contract by the Defendant.

29. By reason of these premises, Plaintiff has sustained damages, no part of which has been paid, although duly demanded.

**WHEREFORE**, the Plaintiff prays that this Honorable Court enters Judgment in its favor for the amount of its damages, together with pre and post Judgment interest, attorney's fees, costs, and any further relief as this Court may deem just and proper.

**COUNT III**
**BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE**

30. Plaintiff repeats and realleges paragraphs 1 through 31 inclusive, as though fully set forth herein.

31. The Defendant, at all times relevant hereto, engaged in providing the boating public with marina slips and related services and amenities in exchange for monetary remuneration.

32. The Defendant expressly and/or impliedly warranted to the Plaintiff that its marina slips were safe and it was performing its related service[s] and amenities in a workmanlike manner with reasonable

skill and care commensurate with the risks attendant to providing and performing these services.

33. The Defendant breached its express and/or implied warranties because its marina slip was unsafe and it did not provide its services in a workmanlike manner with the requisite reasonable skill and care commensurate with the risks attendant to providing and performing these services.

34. The Plaintiff relied on the express and/or implied warranties made by the Defendant and the Plaintiff sustained damages as a direct and proximate result of the breach of warranties by the Defendant.

35. The Plaintiff has performed all relevant covenants and conditions under said contract.

36. By reason of these premises, Plaintiff has sustained damages, no part of which has been paid, although duly demanded.

**WHEREFORE**, the Plaintiff prays that this Honorable Court enters Judgment in its favor for the amount of its damages, together with pre and post Judgment interest, attorney's fees, costs, and any further relief as this Court may deem just and proper.

10

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/S/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO No. 365540**
**Terence G. Kenneally**
**BBO No. 642124**
**Kirby L. Aarsheim**
**BBO No. 678774**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
Tel: (617) 723-9165
Fax: (617) 720-3489
Email:
tmuzyka@clinmuzyka.com

**CERTIFICATE OF SERVICE**

Pursuant to *Local Rule 5.2*, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 8, 2013.

"/S/Thomas J. Muzyka"
**Thomas J. Muzyka**